**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 23-3238

_____

UNITED STATES OF AMERICA

v.

SHAWN BALDWIN,
                                   Appellant

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 2:18-cr-00580-001)
District Judge: Honorable Esther Salas

_____

Submitted Under Third Circuit L.A.R. 34.1(a)
on December 13, 2024

Before: BIBAS, CHUNG, and ROTH, *Circuit Judges*

(Filed: February 13, 2025)

_____

OPINION*

_____

BIBAS, *Circuit Judge*.

Shawn Baldwin pleaded guilty to distributing heroin and conspiring to do the same. After leaving federal prison, he began serving three years' supervised release. Just one week into that term, he started incessantly calling and texting his ex-girlfriend, continuing

---

\* This disposition is not an opinion of the full Court and, under I.O.P. 5.7, is not binding precedent.

even after she begged him to stop. He showed up to her home unannounced and demanded that she let him in. After several days of this harassment, he broke into her apartment, trashed her shoes, and stole her iPhone.

By harassing his ex-girlfriend, Baldwin violated his supervised release. The District Court found that he had committed criminal harassment. N.J. Stat. Ann. § 2C:33-4(e). Though that is ordinarily a petty offense, it becomes a fourth-degree crime if the perpetrator "was serving a term of imprisonment or was on parole or probation as the result of a conviction of" a federal or state crime. *Id.* The judge found that his conduct fell within that subsection because he was on supervised release. So he committed a crime, violating his supervised release.

The District Court held a hearing to sentence him for that violation. In weighing the sentencing factors, the judge noted his criminal history, his history of domestic violence, the seriousness of this crime, the need to deter him and others, the need to protect the public, his history of mental illness, and the need to offer him mental-health treatment. Baldwin did not object to any of that. The court sentenced him to two years in prison, the statutory maximum.

On appeal, Baldwin raises three claims, but all fail. First, he argues that, when considering the sentencing factors, the District Court "placed undue weight" on retribution, contrary to our dictum in *United States v. Young*. Appellant's Br. 12 (citing *Young*, 634 F.3d 233, 241 (3d Cir. 2011)). Because he never objected below, we review for plain error. *United States v. Olano*, 507 U.S. 725, 732 (1993). The judge acknowledged that revoking supervised release is not just about punishing. And she acknowledged a wide range of other

considerations, both aggravating and mitigating, including Baldwin's brain damage, family trauma, and history with drugs and alcohol. Because it is not obvious that she placed undue weight on retribution, any error was not plain.

Second, Baldwin claims that the District Court erred in finding him guilty of fourth-degree criminal harassment because he was not on probation or parole, but supervised release. But Baldwin did not preserve this argument. True, his lawyer objected that "harassment is not a crime." JA 101. But that objection did not address the "legal rule or standard" relevant to his claim on appeal: whether §2C:33-4(e) extends to people on supervised release. *United States v. Joseph*, 730 F.3d 336, 343 (3d Cir. 2013). So we review for plain error.

Any error was not plain. Supervised release took the place of federal parole and serves the same parole function of supervising convicts as they transition from prison back into society. No New Jersey precedent holds that supervised release is not equivalent to parole. The only vaguely similar case goes the other way. *McCann v. Superintendent of Elections*, 696 A.2d 1134, 1135, 1139–40 (N.J. Ch. Div.) (analogizing supervised release to parole to disqualify a politician on supervised release from voting and holding office), *aff'd*, 696 A.2d 1124 (N.J. App. Div. 1997). Admittedly, some aspects of *McCann* cut in favor of Baldwin's claim. *See id.* at 1138 (discussing language unique to the statute at issue in *McCann* and why it supported the Court's conclusion). Nonetheless, this case law reflects that the interpretation of N.J.S.A. § 2C:33-4(e) was not clear and thus, any potential error was not plain. *See United States v. Jabateh*, 974 F.3d 281, 298–99 (3d Cir. 2020).

Finally, Baldwin contends that his two-year sentence was substantively unreasonable. We review for abuse of discretion, asking whether "no reasonable sentencing court would have imposed the same sentence on [Baldwin] for the reasons the district court provided." *United States v. Tomko*, 562 F.3d 558, 568 (3d Cir. 2009) (en banc). The judge carefully weighed both aggravating and mitigating factors, expressing concern about Baldwin's repeated lack of self-control and the danger he poses to public safety. Given all the factors, including his criminal history and the troubling facts of the harassment, that sentence was substantively reasonable. So we will affirm.